McKEEN (DENNISTON v.). See Case No. 3,803.

McKENNA (BERNARD v.). See Case No. 1,-348.

## Case No. 8,852.

### McKENNA v. FISK.

[1 Hayw. & H. 179.] [1]

Circuit Court, District of Columbia. April 23, 1844.

TRESPASS VI ET ARMIS — EVIDENCE THEREUNDER —QUARE CLAUSUM FREGIT.

1. In a suit to recover for injury done to personal property the plaintiff must show what property was injured, and that the defendant participated in said injury, either in person or by his advice and counsel.

2. In an action of trespass vi et armis the plaintiff cannot recover for any damages done to real property.

At law.

Brent & Brent, for plaintiff.
Jos. H. Bradley, for defendant.

BY THE COURT (charging jury). In the original case the declaration contained three counts. The first and third were, that the defendant, with force and arms, seized, &c., the goods and chattels of the plaintiff. In the second he is charged with having, with force and arms, broke and entered a certain shanty, &c., of the plaintiff situate in the county of Washington. The defendant pleaded not guilty, and issue was joined on that plea. On the trial the court refused to permit the plaintiff to give in evidence, that the defendant came to the shanty of the plaintiff, in Alleghany county, Maryland, with a large force of armed men, and also to show the value of the goods. Exceptions were taken to the above ruling, and the case went to the supreme court through a writ of error. The supreme court sustained the exceptions taken by the plaintiff, and remanded the cause for further proceedings. [1 How. (42 U. S.) 241.]

On the mandate of the supreme court being received, the declaration was amended as follows: "And therefore the said Bernard McKenna, by Brent & Brent, his attorneys, complains for that heretofore, to wit, on the first day of September, A. D. 1839, at Washington county, in the District of Columbia, the said Charles B. Fisk, with force and arms, seized, took and carried away, certain goods, chattels, bonds, promissory notes, accounts, evidences of debt and choses in action, to wit: one thousand gallons of spirituous liquors of different kinds, two thousand pounds of coffee, and one thousand pounds of tea, four hundred suits of clothing ready-made for sale, two hundred bushels of Indian corn, all the promissory notes and accounts of sundry persons due to said Bernard to the amount of at least four hundred dollars, a

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

large quantity of household furniture, beds and bedding, and kitchen utensils, all of which said goods, chattels, bonds, promissory notes, accounts, evidences of debt and choses in action, then and there belonging to said plaintiff, the property of said plaintiff, of great value, to wit, of the value of two thousand dollars, current money of the United States, the said defendant then and there converted and disposed of to his own use, and other wrongs to the said plaintiff then and there did, against the peace, government and dignity of the United States. (2) And also, for that, heretofore, to wit, on the first day of September, A. D. 1841, at the county of Washington, in the District of Columbia, the said defendant, with force and arms broke to pieces, spoiled, damaged and destroyed certain other goods, chattels, bonds, promissory notes, accounts, evidences of debt and choses in action, to wit, bottles, decanters, barrels, casks, hogsheads, jugs and demijohns containing one thousand gallons of spirituous liquors of different kinds, and also destroyed one thousand pounds coffee, two hundred pounds of tea, one hundred suits of ready-made clothing. two hundred bushels of Indian corn, sundry promissory notes, bonds, bills and accounts due to the plaintiff, from sundry persons, to the amount of five hundred dollars and a large quantity of planks. timber, shingles and lumber of the said plaintiff of great value, to wit, of the value of two thousand dollars, current money of the United States, then and there being. and other wrongs to the said plaintiff then and there did against the peace, government and dignity of the United States. Whereby the goods, chattels, bonds, promissory notes, evidences of debt, accounts, choses in action, and effects particularly described in the first and second counts hereof, of the value above mentioned, were wholly lost to said plaintiff, wherefore, the said plaintiff saith he is the worse, and hath sustained damage to the value of four thousand dollars, and therefore he brings suit."

The defendant pleaded "not guilty"; on which plea issue was joined.

The plaintiff to sustain the issue on his side joined, produced a certain James McGratt, a competent witness, who being duly sworn, said, that he was not present when the alleged trespass was committed, but arrived on the ground some time after; that on his reaching the premises of plaintiff he found his house in the possession of the militia; that the house, or shanty, was then unroofed. the casks which held liquor out on the ground, the liquor running from the heads, which had been apparently bored through; the papers and ready-made clothing scattered about in the house; that there were many citizens there; that the defendant was there, and witness saw him passing through the military and talking with them, as if giving orders, but could not hear what he said; that he was on the premises the preceding

day, when the militia were also there, but witness did not see defendant there; that plaintiff was taken and carried away, and about a week after witness saw him in jail at Cumberland, ironed, and afterward saw him at large about five weeks after. To all which testimony relating to the acts of the preceding day, and the imprisonment of plaintiff, defendant objected; but the court overruled the objection, and suffered the evidence to go to the jury; to which defendant, by his counsel, objected. The plaintiff having given said evidence, the defendant then proved, on cross-examination of said witness, that the plaintiff had admitted the recovery and sale himself of a barrel of whiskey spoken of by said witness in his examination-in-chief as having been injured or destroyed by defendant, which had been taken, with the other articles mentioned in the declaration, by the defendant. Whereupon, the plaintiff asked the witness to state all that the plaintiff said at the same time in regard to the injuries complained of in the declaration; but the court refused to allow such question to be put, or the same to be answered; and the plaintiff excepted to such refusal.

After reciting certain evidence, the following prayers were, by the counsel for the plaintiff, asked to be given as instructions to the jury: "That the act of Maryland, named in the evidence and the proceedings offered in evidence by the defendant, do not justify the trespasses committed on plaintiff's personal property, if the jury shall find from the evidence that said trespasses were committed by the defendant and those with whom he acted, provided they further find that at the time of said alleged trespasses the plaintiff was absent in the custody of the civil authorities, and that there was no person in his shanty at the time of entering the same, as described in the evidence, and committing said alleged trespass. That the plaintiff is entitled to recover for any trespasses mentioned in the declaration and proved, if the jury shall believe from the evidence that the defendant was present ordering and abetting said trespasses, unless the jury should be of opinion that the said trespasses were all of them absolutely necessary to suppress the disturbances on the line of said canal. That if the jury find from the evidence that defendant is guilty of the trespasses as alleged in the declaration, then the plaintiff is entitled to recover damages for the injury done to the personal property of the plaintiff by such trespasses, notwithstanding the jury may find that plaintiff afterwards recovered the whole of the personal property so trespassed upon. Should the jury be of the opinion from the evidence that the plaintiff was keeping a store on the line of the canal, as stated in the evidence, in a public manner, for the sale of liquors, groceries, dry goods and other articles, the presumption of the law is, that he had license for so doing, as the law directs, to sell said liquors, groceries, &c., and that it is not incumbent upon said plaintiff to produce said license, unless the contrary be proved, because the question arises incidentally in the cause, and no notice appears to have been given to the plaintiff to produce the license. Should the jury be satisfied from the evidence that the plaintiff sustained any damage, be it ever so small, by the conduct of the defendant, as stated in the declaration, or of those with whom he acted in the absence of proof of special damage, the law presumes a nominal damage to the plaintiff, and entitles him to a verdict in his favor. That in such case, the plaintiff is entitled to recover, as damages, whatever the jury shall find from the evidence to have been the value to the plaintiff of the powder and liquors totally destroyed, at the time and place of its destruction, and also whatever they shall find to have been the damage done to the other goods and property of the plaintiff, which were not actually destroyed, as stated in the evidence, valuing the goods and property also at the time and place, when and where they were so damaged. In ascertaining the actual loss of the plaintiff by the destruction of the liquors mentioned in the testimony, the jury are not to consider the profits he might possibly, or would probably, have made by the sale of the said liquors, by small quantities, from time to time, but the damages are to be measured by the amount which the liquors were worth, by the barrel or cask, at the time and place of its destruction, and upon the same principle the jury are to ascertain the value of the powder or other property actually destroyed. That the plaintiff is also, in addition, entitled to recover such damages as the jury may be of opinion from the evidence is a fair compensation to him for the disorder and interruption of his business, occasioned by the destruction of his property. That in addition to the damages referred to in the preceding instructions, the jury may give such other and further damages for the plaintiff as under all the circumstances appearing in evidence they may be of opinion is right and proper, provided they think any damage, in addition to the actual damage, right and proper upon the whole evidence; which the court gave as prayed. And the defendant, by his counsel, objected to the granting of the said instructions, each and every of them.

"If the jury believe from the evidence that the defendant, acting in concert with a body of armed men, came to the house of the plaintiff, in his absence, while he was in custody, and without his consent and against his will, obtained entrance thereto by threatening to break down the door; that the party with whom the defendant was acting, in his presence and with his consent, threatened to burn the house in a short time, in consequence of which entry and threat the goods of the plaintiff were removed with the con-

sent of the defendant and his confederates, by certain persons having no authority from plaintiff to remove his goods from his said house, then the plaintiff is entitled to recover any damages stated in the declaration which he may have sustained by reason of such removal, notwithstanding the acts of the legislature of Maryland, read in evidence, and the military orders and proceedings given in evidence. And notwithstanding there may have been rioting and disturbances at plaintiff's said house previous to said alleged trespasses."

This was given with the following qualification: "Unless the jury should find from the evidence that there was insurrection and disturbances as stated by the justices; that the plaintiff participated in the said insurrection and disturbances, or that the said rioting and disturbances at his house were by his permission, and that the injury done to said property was necessary for the purpose of effecting the suppression of said insurrection."

After offering certain evidence, the defendant, by his counsel, prayed the court to instruct the jury that if the jury shall find from the said evidence that an insurrection actually existed on the line of the canal in Alleghany county, at the time of the alleged trespasses; that said insurrection was attended with such violence as to endanger the lives and property of the peaceable inhabitants of the vicinity; and if they shall believe that the military authorities were called out and acted in the manner exhibited in said evidence; and if the jury shall further believe that the militia so called out and so acting did nothing more, and inflicted no other or further injury to property than such as they then reasonably thought was necessary to quell said insurrection, then the jury may find for the defendant.

If from the evidence the jury shall find that the property stated in the declaration was destroyed by being removed from the shanty of the plaintiff by the friends of the said plaintiff, in order to preserve it from injury, and the apprehension that the said shanty was about to be immediately destroyed by a detachment of military, and the said shanty was not in fact destroyed; that the said military had been called out in the manner stated in the evidence, and were under the command of said Barnes, also mentioned in said evidence, then the said plaintiff is not entitled to recover in this action, although the jury shall further find that said defendant, being present with said military detachment, advised and counselled the destruction of the said shanty; which instruction the court (Judge THRUSTON, absent), refused to give. And the defendant, by his counsel, excepted to the said refusals of the court severally.

The following instructions asked for on the part of the defendant were given by the court: That in this action the plaintiff cannot recover for any damages done to real property, and consequently cannot recover for any injury done to the shanty. That before he can recover for any injury done to personal property he must show by evidence what property was in fact injured; and that defendant, either in person or by his counsel and advice, participated in such trespasses.

The jury brought in a verdict for the defendant.